ALK:DEL
F. #2024R00023

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
*   FEBRUARY 1, 2024   *
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

JOHN RAGANO,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. __24-CR-50_____
(T. 18, U.S.C., §§ 894(a)(1),
981(a)(1)(C), 1512(b)(3), 1512(d)(2),
2 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

**Judge Ann M. Donnelly**
**Magistrate Judge James R. Cho**

THE GRAND JURY CHARGES:

COUNT ONE
(Extortionate Collection of Credit Conspiracy)

1. In or about and between November 2022 and July 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN RAGANO, together with others, did knowingly and intentionally agree to participate in the use of extortionate means to collect one or more extensions of credit from John Doe, an individual whose identity is known to the Grand Jury.

(Title 18, United States Code, Sections 894(a)(1) and 3551 et seq.)

COUNT TWO
(Extortionate Collection of Credit)

2. In or about and between November 2022 and July 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN RAGANO, together with others, did knowingly and intentionally

participate in the use of extortionate means to collect and attempt to collect one or more extensions of credit from John Doe.

(Title 18, United States Code, Sections 894(a)(1), 2 and 3551 et seq.)

## COUNT THREE
(Harassment of a Witness)

3.  In or about and between November 2022 and July 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN RAGANO, together with others, did knowingly and intentionally harass one or more other persons, to wit: John Doe, and thereby hinder, delay, prevent and dissuade John Doe from reporting to one or more law enforcement officers of the United States, and attempt to do so, (a) the commission and possible commission of one or more Federal offenses, to wit: the crimes charged in Counts One and Two; and (b) one or more violations of the conditions of release pending judicial proceedings in United States v. Alimena, et al., 21-CR-466 (E.D.N.Y.), to wit: contact with one or more co-defendants outside the presence of counsel, and the crimes charged in Counts One and Two.

(Title 18, United States Code, Sections 1512(d)(2), 2 and 3551 et seq.)

## COUNT FOUR
(Witness Tampering)

4.  On or about July 5, 2023, within the Eastern District of New York and elsewhere, the defendant JOHN RAGANO, together with others, did knowingly and intentionally use intimidation and threaten one or more other persons, to wit: John Doe, and attempt to do so, with intent to hinder, delay and prevent the communication by John Doe to one or more law enforcement officers of the United States of information relating to (a) the commission and possible commission of one or more Federal offenses, to wit: the crimes

charged in Counts One and Two; and (b) one or more violations of the conditions of release pending judicial proceedings in United States v. Alimena, et al., 21-CR-466 (E.D.N.Y.), to wit: contact with one or more co-defendants outside the presence of counsel, and the crimes charged in Counts One and Two.

(Title 18, United States Code, Sections 1512(b)(3), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

5. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#2024R00023
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

JOHN RAGANO,

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 894(a)(1), 981(a)(1)(C), 1512(b)(3), 1512(d)(2), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
Foreperson

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____ *Clerk*

*Bail, $* _____

Devon Lash, Assistant U.S. Attorney (718) 254-6014