UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOHN RAGANO,<br><br>Defendant. | **UNDER SEAL**<br><br>**MEMORANDUM & ORDER**<br>24-CR-00050 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

Pending before me is Defendant's motion to preclude the introduction at trial of recorded conversations that Defendant had with Individual-1 on May 11, 2021 (GX-150, GX-151), June 1, 2021 (GX-152), and June 2, 2021 (GX-153, GX-154, GX-155).  ECF No. 64 (Defendant's Renewed Objection).  Also pending is Defendant's motion seeking additional disclosures regarding the government's allegation in *United States v. Alimena*, *et al.*, 21-CR-466 (E.D.N.Y.), that John Doe conspired to make false statements, ECF No. 60 (Defendant's Response to *Giglio* Notice), and the government's cross-motion to limit questioning on this topic, ECF No. 63 (Government Response to ECF No. 60).  For the reasons set forth below, Defendant's motion to preclude is denied, Defendant's motion for additional disclosures is denied, and the government's cross-motion to limit questioning is granted.

**I.     Individual-1 Conversations**

Defendant moves to preclude the recorded conversations that he had with Individual-1 in May and June, 2021.  ECF No. 64.  This is a renewed motion by Defendant as I already addressed this issue at the Final Pretrial Conference on September 9, 2024.  At the Pretrial Conference, I held that the recordings are admissible if they relate to the marijuana scheme or if there is a nexus that the information discussed on the recordings was somehow conveyed to John Doe.  *See* September 9, 2024 Pretrial Conference Tr. at 34:16–35:4.  After reviewing the more-

detailed descriptions of the recorded conversations provided by the parties, and consistent with my prior ruling, I find that the recordings are admissible.

First, GX-152, GX-153, and GX-155 involve discussions related to the marijuana scheme, and are admissible.  Additionally, GX-155 is also admissible for the separate reason that it involves Defendant recounting an incident to Individual-1 where Defendant claims to have used violence against another individual.  Because the government has represented that Individual-1 is expected to testify that these statements made by Defendant informed Individual-1's knowledge of Defendant's reputation, and Individual-1 warned John Doe about that reputation to encourage him to repay the loan to Defendant, *see* ECF No. 67 at 4 (Government Response), I find this evidence is directly relevant to the Section 894 charges.[1]

Second, GX-150, GX-151, and GX-154 are admissible because they are discussions about the alleged loansharking scheme charged in Counts One and Two.  Defendant argues that these conversations are irrelevant because they predate the timeframe in the Indictment in this case.  *See* ECF No. 64 at 2.  I disagree.  The recordings are direct evidence of the existence and timing of the loan in this case and therefore are inextricably intertwined with the evidence regarding the Section 894 charges.  I therefore find them to be admissible.

As I noted at the Pretrial Conference, to the extent Defendant wishes the Court to provide the jury with a limiting instruction with respect to any of these recordings, he should so advise me and provide proposed language for that instruction.

---

[1] Although Defendant did not specifically move in the alternative to have GX-153 modified, *see* ECF No. 64 at 3 n.7, the Court finds the Defendant's use of a racial epithet in GX-153 is unduly prejudicial and not essential to the core issues of the case.  The Court therefore instructs the government to modify the recording so that the three instances in which the racial epithet is used are not audible to the jury, and further instructs the government to redact the use of the racial epithet in the accompanying transcript.

## II. Conspiracy to Make False Statements Charge

Defendant additionally requests "all information" supporting the government's allegation that John Doe conspired to make false statements in violation of 18 U.S.C. § 1001(a)(2), as charged in *Alimena*. ECF No. 60 at 1–2. The government argues that it is not obligated to produce any more information regarding that charge, and cross-moves for an order limiting questioning on this topic. ECF No. 63 at 1–2. I agree with the government's position that because John Doe's charged involvement is a matter of public record, Defendant is aware of the essential facts he needs to cross-examine John Doe on that topic and no further disclosure is required. I further understand from the subsequent letter filed by Defendant, *see* ECF No. 66 (Defendant's Letter), that the government informed him that it has not questioned John Doe about his conduct related to this *Alimena* charge and has no additional information regarding that topic from John Doe. Defendant's motion for the production of additional information regarding this charge is therefore denied.

I further find that it is appropriate to limit questioning on this topic. While Defendant alleges that "John Doe did, in fact, commit crimes related to the OSHA scheme," ECF No. 66 at 2, that conclusion is unfounded because John Doe has not been convicted of that charge. The charge alone, therefore, has limited probative value as it relates to the credibility of John Doe. *See, e.g.*, *Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 170 (2d Cir. 2017) ("[A]ccusations have little, if any, probative value because the innocent and guilty alike can be accused of wrongdoing. Without more, accusations do not impeach the integrity or impair the credibility of a witness." (citations and internal quotations omitted)); *United States v. Clanton*, No. 23-cr-00328, 2024 WL 3443422, at *6 (E.D.N.Y. July 17, 2024) ("Prior arrests not resulting in conviction and lacking conduct that bears on a witness's character for truthfulness are

3

inadmissible pursuant to Rule 608(b)."). I am also persuaded by the government's argument that asking questions about the charge is unfairly prejudicial because it may leave the jury with the misimpression that the charges were dropped as a benefit to John Doe in exchange for his cooperation. ECF No. 63 at 2. Accordingly, I find that while Defendant is permitted to question John Doe about whether he made prior false statements related to the OSHA certifications, he cannot ask whether the witness was arrested, charged with, or indicted for that offense.

## **CONCLUSION**

For the reasons set forth above, Defendant's motion to preclude is denied, Defendant's motion for additional disclosures is denied, and the government's cross-motion to limit questioning is granted. Additionally, for the reasons stated in footnote 1, the government is ordered to modify GX-153's recording to remove all use of a racial epithet and to redact all use of the racial epithet in the accompanying transcript.

Since both parties filed papers under seal, out of an abundance of caution, the Court is publishing this Order under seal and making it available only to the parties. On or before October 7, 2024, the parties shall jointly notify the Court whether any redactions hereto, if permissible, are necessary, and if so, they must propose such redactions. *See United States v. Avenatti*, 550 F. Supp. 3d 36, 44–46 (S.D.N.Y. 2021) (describing the First Amendment qualified right of access to criminal proceedings and the common law presumption in favor of public access).

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       October 4, 2024